**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BETTY WIENHOFF** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 09-00925-JJB-DLD** |
| **AAA INSURANCE** | |

## ORDER

This matter is before the court on a referral from the district court on two motions filed by defendant:

1. Motion to hold plaintiff in contempt of court, motion to compel discovery from plaintiff, Betty Wienhoff, and motion to extend the deadline for providing expert reports, conducting discovery and filing discovery motions (rec. doc. 30); and

2. Motion to dismiss pursuant to Federal Rule of Civil Procedure 37, and, in the alternative, motion for partial summary judgment (rec. doc. 38).

A hearing was held on January 20, 2011, to address the motions. Present were Betty Wienhoff, plaintiff, and James Bolner, counsel for defendant. The court first addressed the issue of plaintiff's counsel, Charles Jones, whose license to practice law recently was suspended by the Louisiana Supreme Court. Plaintiff made an oral motion to withdraw Charles Jones as her counsel, which the court granted.

The court next addressed the discovery motion, and advised plaintiff that in light of the issues with her counsel, the court was allowing her one last opportunity to cooperate in discovery. With regard to the previously ordered sanctions of $160.40, plaintiff submitted a cashier's check to defendant in court; thus, this issue is now moot. The court also advised the parties that they could draft mutually acceptable dates for plaintiff's deposition and property inspection, along with mutually acceptable deadlines for discovery and the

filing of dispositive motions, and submit those dates to the court following the hearing. The dates were submitted and accepted by the court.

With regard to defendant's request for sanctions, along with defendant's request for a Rule 37 dismissal or partial summary judgment, the court advised plaintiff that sanctions would not be imposed at this time, primarily as a result of difficulties caused, in part, by the suspension of plaintiff's counsel. The plaintiff nevertheless is on notice that, regardless of whether or not she secures the services of another attorney, she will be held responsible for any future failures to cooperate in the litigation process, including any failures to fully and completely respond to discovery requests. Moreover, in light of plaintiff's repeated failure to comply with discovery obligations and orders of this court, failure to comply with these orders absent prior agreement of both parties or leave of court, will result in a recommendation that the matter be dismissed.

Accordingly,

**IT IS ORDERED** that defendant's motion to hold plaintiff in contempt of court, motion to compel discovery from plaintiff, Betty Wienhoff, and motion to extend the deadline for providing expert reports, conducting discovery and filing discovery motions (rec. doc. 30) is **GRANTED in part and DENIED in part** as follows:

1. The deadline for plaintiff to respond fully and completely to both sets of interrogatories and both sets of requests for production is **FEBRUARY 4, 2011.**

2. Plaintiff's deposition is reset for **March 10, 2011, in Baton Rouge, at 10:00 a.m.**

3. The property inspection is reset for **February 24, 2011, at 1:00 p.m.**

4. The following additional deadlines are established:

    A. Filing all discovery motions and completing all discovery except experts: **May 2, 2011**.

B. Disclosure of identities and resumés of experts:

   Plaintiff:   **March 16, 2011.**

   Defendant:   **April 16, 2011.**

C. Expert reports must be submitted to opposing parties as follows:

   Plaintiff:   **May 12, 2011.**

   Defendant:   **June 13, 2011.**

D. Discovery from experts must be completed by: **July 13, 2011.**

E. All dispositive motions must be filed on or before: **July 29, 2011.**

5. In all other respects, the motion is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 37, and, in the alternative, motion for partial summary judgment (rec. doc. 38) is **DENIED**, with leave to refile should the need arise.

**IT IS FURTHER ORDERED** that plaintiff's oral motion to withdraw her attorney, Charles Jones, is **GRANTED**. Plaintiff shall immediately notify the court and opposing counsel of her current mailing and physical address, along with a current telephone number. Plaintiff thereafter shall keep both opposing counsel and the clerk of court immediately updated with any changes to her current mailing and physical addresses, along with a current telephone number, until such time as another attorney has enrolled in this matter.

Signed in Baton Rouge, Louisiana, on January 21, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**